**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| MD HELICOPTERS, INC., an Arizona corporation, ROLLS-ROYCE CORPORATION, a Delaware corporation, HONEYWELL INTERNATIONAL, INC., a Delaware corporation, and ACCURATE ACCESSORIES, LLC, a California limited liability company | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

NOW COME Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, by undersigned counsel and for their complaint against Defendants named herein, and each of them, pleads jointly and in the alternative as follows:

## Jurisdiction and Venue

1.      This civil action seeks recovery of compensatory damages arising from the wrongful deaths of two men as the result of a helicopter crash on January 15, 2018 in Wood County, Ohio that occurred during aerial inspections of transmission towers and lines that form part of the Toledo Edison power grid.

1

2.     Original subject matter jurisdiction exists in the District Courts of the United States pursuant to 28 U.S.C. § 1332(a) as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states in that

a.     Plaintiff, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, is a citizen of the State of Ohio;

b.     Plaintiff, LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, is a citizen of the State of West Virginia;

c.     Defendant, MD HELICOPTERS, INC., is a corporation incorporated under the laws of the State of Arizona with its principal place of business located in the State of Arizona;

d.     Defendant, ROLLS-ROYCE CORPORATION, is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of Indiana;

e.     Defendant, HONEYWELL INTERNATIONAL, INC., is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of New Jersey; and

f.     Defendant, ACCURATE ACCESSORIES, LLC, is a limited liability company organized under the laws of the State of California with its principal place of business in the State of California; and

3.     The Defendants, and each of them, are subject to specific personal jurisdiction in this District under Ohio Rev. Code § 2307.382(A) in that

2

a. Defendant, MD HELICOPTERS, INC., committed acts enumerated in Ohio Rev. Code § 2307.382(A) (1), (2), and (4) from which this cause of action arises;

b. Defendant, ROLLS-ROYCE CORPORATION, committed acts enumerated in Ohio Rev. Code § 2307.382(A) (1), (2), (4), and (5) from which this cause of action arises;

c. Defendant, HONEYWELL INTERNATIONAL, INC., committed acts enumerated in Ohio Rev. Code § 2307.382(A) (1), (2), and (4) from which this cause of action arises; and

d. Defendant, ACCURATE ACCESSORIES, LLC, committed acts enumerated in Ohio Rev. Code § 2307.382(A) (1), (2), and (4) from which this cause of action arises;

and the exercise of personal jurisdiction over Defendants, and each of them, further complies with the due process requirements under the Constitution of the State of Ohio and the Constitution of the United States of America.

4.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) and to Rule 3.8 of the Local Rules of the Northern District of Ohio in that a substantial part of the events or omissions giving rise to the claim occurred in Wood County, Ohio and within the Northern District of Ohio.

## **Facts of the Occurrence**

5.      On January 15, 2018, at approximately 11:36 a.m. Eastern Standard Time, Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, were fatally injured when a Model 369HM helicopter, bearing airframe serial number 610209M and registration marking N4QX ("Subject Helicopter") in which they were occupants, impacted terrain near Perrysburg, Ohio ("Subject Accident").

6.      On January 15, 2018 and prior to the Subject Accident, Plaintiff's decedent, TYSON M. SNYDER, operated the Subject Helicopter as pilot in command on a flight originating from Wayne County Airport (BJJ), Wooster, Ohio to Wood County Airport (1G0), Bowling Green, Ohio, which flight terminated when the Subject Helicopter landed at 1G0 at approximately 9:21 am Eastern time.

7.      On January 15, 2018 and after arriving at 1G0, Plaintiff's decedent, TYSON M. SNYDER, met Plaintiff's decedent, JEFFREY L. FLUHARTY, a powerline inspector, to pick him up for the purpose of conducting a planned aerial observation flight.

8.      On January 15, 2018 and after arriving at 1G0, Plaintiff's decedent, TYSON M. SNYDER, pumped 20.68 gallons of Jet A fuel, which did not contain any anti-icing additive, into the fuel tank of the Subject Helicopter from Hose No. 3 of the fuel pumps at 1G0.

9.      On January 15, 2018 at approximately 10:24 a.m., the Subject Helicopter departed 1G0 on the planned aerial observation flight ("Subject Flight"), with Plaintiff's decedent, TYSON M. SNYDER, acting as pilot in command, and Plaintiff's decedent, JEFFREY L. FLUHARTY, acting as a crewmember, as the only persons on board.

10.     On January 15, 2018, the Subject Helicopter was owned by Vista I Inc. and the Subject Flight was being operated by Vista I, Inc. under the provisions of Title 14 Code of Federal Regulations (CFR) Part 91 as an aerial observation flight.

11.     On January 15, 2018, and while engaged in the Subject Flight, the Subject Helicopter experienced a loss of engine power at approximately 11:36 a.m., causing it to impact the terrain near Perrysburg, Ohio and resulting in the Subject Accident.

## Statement of Common Facts

12.     On or about April 8, 1968, the U.S. Federal Aviation Administration ("FAA") approved the type design of the Model 369HM helicopter under FAA Type Certificate No. H3WE.

13.     In or about June 1971 and in accordance with FAA Type Certificate No. H3WE, the Subject Helicopter, Model 369HM helicopter bearing airframe serial number 610209M, was manufactured, assembled, and sold to its original customer.

14.     On or about February 18, 1999, ownership of FAA Type Certificate No. H3WE was transferred to Defendant, MD HELICOPTERS, INC.

15.     From February 18, 1999 through and including January 15, 2018, Defendant, MD HELICOPTERS, INC., was and continues to be the owner and holder of FAA Type Certificate No. H3WE.

16.     In or about December 1979 and in accordance with FAA Type Certificate No. E4CE, the Subject Engine, a Model 250-C20B turbine aircraft engine, bearing serial number CAE 832735, was manufactured, assembled, and sold to its original customer.

17.     On or about September 1, 2000, ownership of FAA Type Certificate No. E4CE was transferred to Defendant, ROLLS-ROYCE CORPORATION.

18.     From September 1, 2000 through and including January 15, 2018, Defendant, ROLLS-ROYCE CORPORATION, was and continues to be the owner and holder of FAA Type Certificate No. E4CE.

19.     On or about March 30, 2015, the Subject Helicopter was purchased or otherwise acquired by Vista I, Inc., 6024 Honeytown Road, Smithville, Ohio and was registered with the FAA under registration number N4QX.

5

20. At some time prior to January 27, 2016, Defendant, HONEYWELL INTERNATIONAL, INC., designed, manufactured, assembled, and sold a certain product, to wit: Fuel Control Assembly, part number 23070606 with serial number HR59187 ("Subject FCA").

21. On or about January 27, 2016, Defendant, ACCURATE ACCESSORIES, LLC, overhauled or otherwise performed maintenance, repair and/or remanufacturing work on the Subject FCA in accordance with the manuals and instructions of Defendant, HONEYWELL INTERNATIONAL, INC. relating to the Subject FCA and the Component Maintenance Manual CSP 24009, Section 73-20-01 published by Defendant, ROLLS-ROYCE CORPORATION relating to the Subject FCA.

22. On or after January 27, 2016, Defendant, ACCURATE ACCESSORIES, LLC, sold and delivered the Subject FCA directly to Vista I, Inc. in the State of Ohio, and the Subject FCA was thereafter installed on the Subject Helicopter in the State of Ohio.

23. On January 15, 2018 including at the time the Subject Accident occurred, the Subject Engine and Subject FCA were each installed and in place on the Subject Helicopter.

## Causes of Action

## Count I

## MD Helicopters - Negligence - Wrongful Death

1-23. Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count I as though fully set forth herein.

24. On January 15, 2018 and prior thereto, Defendant, MD HELICOPTERS,

INC., provided customer support to the owners and/or operators of the Subject Helicopter, including Alert Service Bulletins, Service Bulletins, Service Letters, technical advisories, aircraft parts, engineering and training personnel, and other like customer support services.

25.     From the time the Subject Helicopter was purchased or acquired by Vista I, Inc., Defendant, MD HELICOPTERS, INC., has provided customer support and technical services to Vista I, Inc. in the State of Ohio relating to the Subject Helicopter on a continuous and systematic basis including the sale, purchase and delivery of products such as publication subscriptions, revisions to the Rotorcraft Flight Manual, revisions to the Rotorcraft Maintenance Manual, and customer support services via telephone, email, and its online customer portal, and/or otherwise purposefully engaged in activities within the State of Ohio from which this action arises.

26.     On January 15, 2018 and all times herein relevant, 14 C.F.R. § 27.951 (c) required that "Each fuel system for a turbine engine must be capable of sustained operation throughout its flow and pressure range with fuel initially saturated with water at 80° F. and having 0.75cc of free water per gallon added and cooled to the most critical condition for icing likely to be encountered in operation."

27.     On January 15, 2018 and prior thereto, Note 7 to FAA Type Certificate No. H3WE pertaining to the model of the Subject Helicopter states, "For all operations below 40° F ambient temperature all fuel, except MIL-G-5572 (Aviation Gasoline), must contain anti-icing additive conforming to MIL-I-27686 in concentrations of 0.035 per cent by volume minimum 0.15 percent by volume maximum. See Rotorcraft Flight Manual for checking concentrations and blending."

28.     On January 15, 2018 and prior thereto, the Rotorcraft Flight Manual applicable to the Subject Helicopter written and published by Defendant, MD

HELICOPTERS, INC., states "[i]nstallation of the Anti-Ice Airframe Fuel Filter eliminates the need for anti-ice fuel additives in the fuel (i.e., Prist)."

29.     On January 15, 2018 and at the time of the Subject Accident, the Anti-Ice Airframe Fuel Filter was installed on the Subject Helicopter and was operable.

30.     On January 15, 2018 and for some time prior thereto, the Rotorcraft Flight Manual applicable to the Subject Helicopter written and published by Defendant, MD HEELICOPTERS, INC., stated ""Flight operation is permitted in falling and/or blowing snow only when the Automatic engine Reignition Kit and Engine Failure Warning System are installed and operable."

31.     On January 15, 2018, an Automatic Engine Reignition Kit and Engine Failure Warning System was installed on the Subject Helicopter and was operable.

32.     On January 15, 2018 and at all times herein relevant, it was the duty of Defendant, MD HELICOPTERS, INC., to exercise a reasonable degree of care in its conduct, including but not limited to: (a) its conduct relating to the design changes to the Subject Helicopter, (b) its obligations for Instructions for Continued Airworthiness of the Subject Helicopter, (c) the contents of manuals, publications, and other writings pertaining to the operation, maintenance, and control of the Subject Helicopter, including instructions in its use; and d) its provision of customer support services, all so as not to cause injury to the person of the Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them.

33.     Notwithstanding its aforesaid duty, Defendant, MD HELICOPTERS, INC., breached its duty of care to Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, in one or more of the following particulars:

a) Negligently and carelessly modified the design and function of the Subject Helicopter to permit installation of the Anti-Ice Airframe Fuel Filter without properly and adequately testing, analyzing or evaluating its limitations;

b) Negligently and carelessly instructed operators of the Subject Helicopter that anti-ice fuel additives in the fuel (i.e., Prist) were not required when the Anti-Ice Airframe Fuel Filter was installed;

c) Negligently and carelessly failed to properly and adequately instruct and warn operators of the Subject Helicopter of the limitations on effectiveness and use of the Anti-Ice Airframe Fuel Filter;

d) Negligently and carelessly failed to require the installation of fuel nozzles with improved fuel screens compliant with service bulletin CEB-A-1394/AD-2004-2409 at the time of or in conjunction with the installation of the Anti-Ice Airframe Fuel Filter;

e) Negligently and carelessly modified the design and function of the Subject Helicopter to permit installation of the Automatic Engine Reignition Kit and Engine Failure Warning System without properly and adequately testing, analyzing or evaluating its limitations;

f) Negligently and carelessly instructed operators of the Subject Helicopter that anti-ice fuel additives in the fuel (i.e., Prist) were not required when the Automatic Engine Reignition Kit and Engine Failure Warning System was installed;

g) Negligently and carelessly failed to properly and adequately instruct and warn operators of the Subject Helicopter of the limitations on effectiveness and use of the Automatic Engine Reignition Kit and Engine Failure Warning System;

h) Otherwise negligently and carelessly designed, manufactured, and assembled the Subject Helicopter and/or its component parts; provided improper and inadequate instructions and warnings pertaining to the operation, repair, maintenance, and control of the Subject Helicopter; and provided improper and inadequate support and technical services to the operator of the Subject Helicopter in particulars to be determined by discovery herein.

34.     On January 15, 2018 and as a direct and proximate result of the breach of duty by Defendant, MD HELICOPTERS, INC., the Subject Helicopter was caused to suffer a loss of engine power while in flight, which power could not be regained and caused the

9

Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

35.    That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

36.    That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

37.    That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

38.    That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention,

protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, MD HELICOPTERS, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count II

## MD Helicopters - Negligence – Survival Damages

1-34.   Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 34, inclusive, of Count I as Paragraphs 1 through 34, inclusive, of Count II as though fully set forth herein.

35.   That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

36.   That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

11

37.     This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, MD HELICOPTERS, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count III

## Rolls Royce Engines - Negligence - Wrongful Death

1-23.     Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count III as though fully set forth herein.

24.     On January 15, 2018 and prior thereto, Defendant, ROLLS-ROYCE CORPORATION, as the FAA Type Certificate holder for the model of the Subject Engine was required under 14 C.F.R. § 33.4 and related regulations and standards to provide and be responsible for the Instructions for Continued Airworthiness for the model of the Subject Engine.

25.     On January 15, 2018 and prior thereto, Defendant, ROLLS-ROYCE CORPORATION, as the FAA Type Certificate holder for the model of the Subject Engine was responsible for establishing a program for controlling the content and distribution of all Instructions for Continued Airworthiness for the model of the Subject Engine, including

12

part or component manuals or sections and was further responsible for the procedure for how to distribute the changes to the Instructions for Continued Airworthiness for the model of the Subject Engine, including revision number or level, affected pages or sections, and dates.

26.     On January 15, 2018 and at all times herein relevant, it was the duty of Defendant, ROLL-ROYCE CORPORATION, to exercise a reasonable degree of care in its conduct, including but not limited to: (a) its conduct relating to the design changes to the Subject Engine, (b) its obligations for Instructions for Continued Airworthiness of the Subject Engine, (c) the contents of manuals, publications, and other writings pertaining to the operation, maintenance, and control of the Subject Engine, including instructions in its use; and d) its provision of customer support services, all so as not to cause injury to the person of the Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them.

27.     Notwithstanding its aforesaid duty, Defendant, ROLLS-ROYCE CORPORATION, breached its duty of care to Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, in one or more of the following particulars:

a)      Negligently and carelessly failed to properly evaluate, test, instruct and warn operators of the Subject Engine regarding the requirements and need for fuel system icing inhibitors in cold weather operations;

b)      Negligently and carelessly failed to properly evaluate, test, instruct and warn operators of the Subject Engine regarding the limitations, service life, inspection and testing of certain component parts of the Subject Engine including its fuel pump and fuel pump drive shaft, its fuel control assembly and component parts, and its fuel nozzles;

c)      Negligently and carelessly failed to properly evaluate, test, instruct and warn operators of the Subject Engine and the FAA Type Certificate holder of the Subject Helicopter regarding the limitations of the Anti-Ice Airframe Fuel Filter in preventing ice formation within the fuel

system of the Subject Engine;

d) Negligently and carelessly published Component Maintenance Manuals related to the Subject Engine and its component parts which failed to contain proper and adequate instructions and warnings pertaining to the overhaul, maintenance, repair, inspection, testing, removal, and replacement of certain component parts of the Subject Engine including its fuel pump and fuel pump drive shaft, its fuel control assembly and component parts, and its fuel nozzles;

e) Otherwise negligently and carelessly designed, manufactured, and assembled the Subject Engine and/or its component parts; provided improper and inadequate instructions and warnings pertaining to the operation, repair, maintenance, and control of the Subject Engine and its component parts; and/or provided improper and inadequate support and technical services to overhaulers and operators of the Subject Engine and its component parts in particulars to be determined by discovery herein.

28. On January 15, 2018 and as a direct and proximate result of the breach of duty by Defendant, ROLLS-ROYCE CORPORATION, the Subject Helicopter was caused to suffer a loss of engine power while in flight, which power could not be regained and caused the Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

29. That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

30. That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention,

14

protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

31.     That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

32.     That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, ROLLS-ROYCE CORPORATION, in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count IV

## Rolls Royce Engines - Negligence – Survival Damages

1-28.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of

15

TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 28, inclusive, of Count III as Paragraphs 1 through 28, inclusive, of Count IV as though fully set forth herein.

29.     That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

30.     That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

31.     This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, ROLLS-ROYCE CORPORATION, in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count V

## Honeywell – Product Liability - Wrongful Death

1-23.     Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above

16

Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count V as though fully set forth herein.

24.     At the time the Subject FCA left the control of Defendant, HONEYWELL INTERNATIONAL, INC., it contained certain conditions which rendered the Subject FCA defective, unreasonably dangerous and/or unfit for its intended use, including one or more of the following conditions:

a)      The Subject FCA was designed, manufactured, assembled and/or sold with moving internal parts without sufficient spacing or tolerance between the parts and/or improperly secured in place which resulted in excessive galling of the cam follower lever, excessive wearing of the eccentric cam lobe, nicking of the carboloy, grooving of the cutoff linkage pin, wearing of the rod lever assembly, step wear of the bypass valve, interior step wear of the bypass sleeve bore, and wearing off of the chrome surface of one flyweight;

b)      The Subject FCA was designed, manufactured, assembled and/or sold without proper and adequate warnings and instructions regarding the design life and limitations on its continued airworthiness and safe operation in flight;

c)      The Subject FCA was designed, manufactured, assembled and/or sold without proper and adequate warnings and instructions regarding the maintenance, repair or overhaul of the Subject FCA;

d)      The Subject FCA was otherwise defective and unreasonably dangerous by way of its design, manufacture, and/or assembly in particulars to be determined by discovery herein.

25.     On January 15, 2018 and as a direct and proximate result of the one or more of the foregoing defective and unreasonably dangerous conditions of the Subject FCA, the Subject Helicopter was caused to suffer a loss of engine power while in flight which power could not be regained and caused the Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

17

26. That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

27. That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

28. That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

29. That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, HONEYWELL INTERNATIONAL, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

### Count VI

### Honeywell – Product Liability – Survival Damages

1-25.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 25, inclusive, of Count V as Paragraphs 1 through 25, inclusive, of Count VI as though fully set forth herein.

26.    That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

27.    That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

28.    This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of

the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, HONEYWELL INTERNATIONAL, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count VII

## Honeywell - Negligence - Wrongful Death

1-23.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count VII as though fully set forth herein.

24.    On January 15, 2018 and at all times herein relevant, it was the duty of Defendant, HONEYWELL INTERNATIONAL, INC., to exercise a reasonable degree of care in its conduct, including but not limited to: (a) its conduct relating to the design, manufacture, and assembly of the Subject FCA, (b) its obligations for the continued airworthiness of the Subject FCA, and (c) the contents of manuals, publications, and other writings pertaining to the operation, maintenance, repair, and overhaul of the Subject FCA, all so as not to cause injury to the person of the Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them.

25.    Notwithstanding its aforesaid duty, Defendant, HONEYWELL INTERNATIONAL, INC., breached its duty of care to Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, in one or more of the following particulars:

a)    Negligently and carelessly designed, manufactured, assembled and/or sold the Subject FCA with moving internal parts without sufficient

spacing or tolerance between the parts and/or improperly secured in place which resulted in excessive galling of the cam follower lever, excessive wearing of the eccentric cam lobe, nicking of the carboloy, grooving of the cutoff linkage pin, wearing of the rod lever assembly, step wear of the bypass valve, interior step wear of the bypass sleeve bore, and wearing off of the chrome surface of one flyweight;

b)   Negligently and carelessly designed, manufactured, assembled and/or sold the Subject FCA without proper and adequate warnings and instructions regarding the design life and limitations on its continued airworthiness and safe operation in flight;

c)   Negligently and carelessly designed, manufactured, assembled and/or sold without proper and adequate warnings and instructions regarding the maintenance, repair or overhaul of the Subject FCA;

d)   Otherwise negligently and carelessly designed, manufactured, and assembled the Subject FCA and provided improper and inadequate instructions and warnings pertaining to the operation, maintenance, repair, and overhaul of the Subject FCA in particulars to be determined by discovery herein.

26.     On January 15, 2018 and as a direct and proximate result of the breach of duty by Defendant, HONEYWELL INTERNATIONAL, INC., the Subject Helicopter was caused to suffer a loss of engine power while in flight, which power could not be regained and caused the Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

27.     That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

28.     That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected

earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

29.     That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

30.     That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, HONEYWELL INTERNATIONAL, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count VIII

## Honeywell - Negligence – Survival Damages

1-26.   Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 26, inclusive, of Count VII as Paragraphs 1 through 26, inclusive, of Count VIII as though fully set forth herein.

27.   That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

28.   That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

29.   This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, HONEYWELL INTERNATIONAL, INC., in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count IX

## Accurate Accessories – Product Liability - Wrongful Death

1-23.   Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of

TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count IX as though fully set forth herein.

24.    At the time the Subject FCA left the control of Defendant, ACCURATE ACCESSORIES, LLC, it contained certain conditions which rendered the Subject FCA defective, unreasonably dangerous and/or unfit for its intended use, including one or more of the following conditions:

a)    The Subject FCA was overhauled and sold with moving internal parts without sufficient spacing or tolerance between the parts and/or with component parts improperly assembled and secured therein;

b)    The Subject FCA was sold and delivered to Vista I, Inc., without proper and adequate warnings and instructions regarding the operation, maintenance, repair or overhaul of the Subject FCA; and/or

c)    The Subject FCA was otherwise overhauled and sold in a defective and unreasonably dangerous condition, in particulars to be determined by discovery herein.

25.    On January 15, 2018 and as a direct and proximate result of the one or more of the foregoing defective and unreasonably dangerous conditions of the Subject FCA, the Subject Helicopter was caused to suffer a loss of engine power while in flight, which power could not be regained and caused the Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

26.    That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev.

Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

27.     That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

28.     That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

29.     That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be

25

entered in their favor and against Defendant, ACCURATE ACCESSORIES, LLC, in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

### Count X

### Accurate Accessories – Product Liability – Survival Damages

1-25.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 25, inclusive, of Count IX as Paragraphs 1 through 25, inclusive, of Count X as though fully set forth herein.

26.    That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

27.    That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

28.    This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, ACCUTAE ACCESSORIES, LLC, in an amount

in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

### Count XI

### Accurate Accessories - Negligence - Wrongful Death

1-23.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 23, inclusive, as Paragraphs 1 through 23, inclusive, of Count XI as though fully set forth herein.

24.    On January 15, 2018 and at all times herein relevant, it was the duty of Defendant, ACCURATE ACCESSORIES, LLC, to exercise a reasonable degree of care in its conduct, including but not limited to its conduct relating to the overhaul or maintenance, repair and/or remanufacturing work performed on the Subject FCA and its sale and delivery of the Subject FCA so as not to cause injury to the person of the Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them.

25.    Notwithstanding its aforesaid duty, Defendant, ACCURATE ACCESSORIES, LLC, breached its duty of care to Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, in one or more of the following particulars:

a)    Negligently and carelessly overhauled the Subject FCA when it was in such poor condition that the said overhaul should have never been attempted or performed;

b)    Negligently and carelessly failed to properly and adequately follow the instructions and warning of the original manufacturer of the Subject FCA and/or the Component Maintenance Manual CSP 24009, Section 73-20-01 published by Defendant, ROLLS-ROYCE CORPORATION relating to the Subject FCA in the performance of the overhaul of the Subject FCA;

27

    c)     Negligently and carelessly performed the work related to the overhaul the Subject FCA;

    d)     Negligently and carelessly sold and delivered the Subject FCA to its customer in Ohio for use on an aircraft when it knew or should have known that the Subject FCA was in a dangerous and unsafe condition;

    e)     Otherwise negligently and carelessly acted or failed to act with respect to the work performed on the Subject FCA and the sale and delivery of the Subject FCA in particulars to be determined by discovery herein.

26.    On January 15, 2018 and as a direct and proximate result of the breach of duty by Defendant, ACCURATE ACCESSORIES, LLC, the Subject Helicopter was caused to suffer a loss of engine power while in flight which power could not be regained and caused the Subject Helicopter to violently impact terrain near Perrysburg, Ohio, which further caused Plaintiff's decedent, TYSON M. SNYDER and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, to suffer bodily injuries resulting in their deaths.

27.    That at the time of his death, Plaintiff's decedent, TYSON M. SNYDER, left surviving his parents and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

28.    That as a result of the death of Plaintiff's decedent, TYSON M. SNYDER, his parents and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

29.     That at the time of his death, Plaintiff's decedent, JEFFREY L. FLUHARTY, left surviving his spouse and other beneficiaries designated under Ohio Rev. Code § 2125.02(A)(1) for whose exclusive benefit this action is being brought pursuant to Ohio Rev. Code § 2125.01, commonly known as the Ohio Wrongful Death Statute.

30.     That as a result of the death of Plaintiff's decedent, JEFFREY L. FLUHARTY, his spouse and other beneficiaries, and each of them, have sustained substantial compensatory damages including but not limited to the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to decedent's heirs at law; and the mental anguish incurred by them as a result of the decedent's wrongful death.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, ACCURATE ACCESSORIES, LLC, in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

## Count XII

### Accurate Accessories - Negligence – Survival Damages

1-26.    Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby adopt and allege the above Paragraphs 1 through 26, inclusive, of Count XI as Paragraphs 1 through 26, inclusive, of

Count XII as though fully set forth herein.

27.     That prior to their deaths, Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of pain and suffering prior to impact and prior to their deaths.

28.     That had Plaintiff's decedent, TYSON M. SNYDER, and Plaintiff's decedent, JEFFREY L. FLUHARTY, survived, each would have been entitled to bring an action for damages, and such action has survived each of them.

29.     This count is being brought pursuant to Ohio Rev. Code § 2305.21, commonly known as the Ohio Survival Statute.

WHEREFORE Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, prays that judgment be entered in their favor and against Defendant, ACCURATE ACCESSORIES, LLC, in an amount in excess of $75,000, exclusive of interest and costs, and commensurate to the proven damages in this action.

**DEMAND FOR A JURY TRIAL**

Plaintiffs, WILLIAM J. SNYDER, as personal representative of the estate of TYSON M. SNYDER, deceased, and LISA GAIL FLUHARTY, as Administratrix of the Estate of JEFFREY L. FLUHARTY, deceased, and each of them, hereby demand a trial on all of the issues triable as of right by a jury.

Respectfully submitted,

/s/ Jerome L. Skinner
Jerome L. Skinner, Esq.
Ohio Bar No. 0014768
2623 Black Hoof Trail
Milford, OH 45150
Tel: (513) 532-9200
Email: skinair03@gmail.com

-and-

*Pro Hac Vice Admission Pending*:
Thomas P. Routh, Esq.
Illinois Bar No. 6237996
Nolan Law Group
20 North Clark Street
30th Floor
Chicago, IL 60602
Tel: (312) 630-4000
Email: tpr@nolan-law.com

Attorneys for Plaintiff